IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PENNEY SPARKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| v. | : | |
| | : | |
| CATOOSA COUNTY SCHOOL DISTRICT, | : | Jury Trial Demanded |
| | : | |
| Defendant. | : | |

## COMPLAINT

**COMES NOW** Plaintiff, Penney Sparks ("Plaintiff"), by and through counsel undersigned, and hereby submits this Complaint against the Defendant, Catoosa County School District ("Defendant").

### Authority

1.

Plaintiff, brings this action under Section 504 of the Rehabilitation Act (29 U.S.C. § 794) to redress injury inflicted on her by Defendant's discriminatory treatment on the basis of Plaintiff's disability, or perceived disability, in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.* In 1978, Congress amended the Rehabilitation Act of 1973 to provide that the "remedies,

procedures and rights" under Title VI of the Civil Rights Act of 1964 should apply to cases brought under Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (a)(2) ("1973"). Plaintiff brings other causes of action herein under the Family and Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLSA") and the Families First Coronavirus Response Act ("FFCRA"), seeking remedy for violation of Plaintiff's federally protected rights and subsequent retaliation. Plaintiff shows the Court, as follows:

## Parties, Jurisdiction and Venue

**2.**

Plaintiff is a resident of the Northern District of Georgia, and a "handicapped individual" within the meaning of 29 U.S.C. § 706(8).

**3.**

The Defendant is a governmental subdivision, with its government office located at 307 Cleveland Street, Ringgold, Georgia 30736. This Defendant may be served via the Superintendent of Catoosa County Public Schools, Chance Nix, at the same address. The Defendant is a recipient of federal financial assistance within the meaning of the Rehabilitation Act and thus, is covered by Section 704 of the federal Rehabilitation Act of 1973.

**4.**

The jurisdiction of the Court over this controversy is invoked under the provisions of 29 U.S.C. §§ 794, *et seq.;* 28 U.S.C. § 1331; and 28 U.S.C. § 1343(a)(4).

**5.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as Defendant conducts business in and maintains offices in the Northern District of Georgia, Rome Division.

**Factual Allegations**

**6.**

For nine (9) years, Plaintiff was employed by the Defendant as a Catoosa County Public Schools bus driver.

**7.**

On or about December 2019, Plaintiff took leave under the FMLA, due to respiratory difficulties she was experiencing which necessitated a lung biopsy with subsequent recuperation time.

**8.**

On the day Plaintiff returned to work, March 16, 2020, the Defendant shut down due to the COVID-19 pandemic. Plaintiff and all other Defendant employees were sent home for the remainder of the school year.

**9.**

In July of 2020, Plaintiff had her yearly physical examination by Defendant's physician. Plaintiff passed this examination. However, due to the fact that Plaintiff had preexisting Wegener's Disease (a vascular disease that attacks many different organs and systems of the body, especially the respiratory and immune systems), the Defendant's physician advised Plaintiff to check with her personal physician as to whether Plaintiff should continue working in light of COVID-19 and its potential threat to Plaintiff's health and preexisting condition.

**10.**

As instructed, Plaintiff was examined by her personal physician. Plaintiff also passed the physical examination administered by her personal physician. However, due to Plaintiff's preexisting condition, her personal physician advised Plaintiff not to return to work until the COVID-19 pandemic subsided.

**11.**

At that time, Plaintiff's manager, Jerene Jones, told Plaintiff "[d]on't worry. Your job is secure."

**12.**

Nevertheless, Plaintiff subsequently received a letter from the Defendant instructing Plaintiff to return to work on August 18, 2020, or be terminated.

**13.**

Plaintiff followed her doctor's orders and warnings and did not return to work by Defendant's deadline. Thereafter, Plaintiff received a Separation Notice from Defendant indicating that she was terminated on August 17, 2020, due to "prolonged absences."

**14.**

Later, Plaintiff's daughter, who is also a bus driver for Defendant, was told by the school bus mechanic that "[y]our mother failed her physical examination and got fired." In fact, Plaintiff did not fail any physical examination, but more importantly, why would a school bus mechanic have any information whatsoever concerning Plaintiff's physical examination(s) or any knowledge at all concerning the details of her employment status.

## COUNT I
### (Rehabilitation Act of 1973 § 504: Disability Termination and Retaliation)

**15.**

Defendant's actions subjected Plaintiff to intentional discrimination on the basis of and by reason of her disability, in violation of Section 504 of 1973.

**16.**

A *prima facie* case has been established in that Plaintiff is a qualified handicapped person who met the eligibility requirements for her position but was terminated from her position as a bus driver. The reason articulated by the Defendant for terminating Plaintiff's employment was pretextual and false.

**17.**

Defendant terminated plaintiff despite a medical professional's recommendation that she shelter in place on the basis of the disability, in violation of Section 504 of the Rehabilitation Act of 1973, and its implementing regulations, 45 C.F.R. § 84.11(a)(1), (b)(2).

**18.**

Defendant willfully, or with reckless indifference, violated the Act by terminating Plaintiff due to her preexisting physical disability/medical condition or her perceived disability.

**19.**

As a direct result of Defendant's discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost her substantial benefits, and incurred and continues to incur litigation costs and attorneys' fees.

**20.**

Plaintiff alleges that Defendant's unlawful and discriminatory termination and retaliation was on account of her disability which violates the provisions of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.,* justifying an award, *inter alia,* of back pay, front pay, interest, benefits, compensatory damages and punitive damages.

### COUNT II
### (Family and Medical Leave Act / Fair Labor Standards Act / Families First Coronavirus Response Act )

**21.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

**22.**

Defendant discriminated against Plaintiff due to her medical leave of absence, which was absolutely necessary, and, was prescribed by her treating physician.

**23.**

While out on approved medical leave, Plaintiff was retaliated against by Defendant by treating her with hostility, attempting to force her to return to work during a pandemic and against her medical doctor's advice, and when she was unable to return, terminating her.

**24.**

Defendant is a local government employer with less than 500 employees and is thus subject to the FMLA, FLSA and the FFCRA.

**25.**

Plaintiff was eligible for sick leave and paid and unpaid leave under the FMLA and FFCRA. Plaintiff was eligible for FLSA damages in the event that Defendant unlawfully denied her leave to which she was entitled.

**26.**

Plaintiff was subject to a Federal, State, or local quarantine or isolation order related to COVID-19.

**27.**

Plaintiff gave notice of her need for leave and requested leave because she had been advised to self-quarantine in relation to COVID-19 or was exposed to COVID-19. Plaintiff notified Defendant of her desire to avail herself of her rights

under FMLA and FFCRA, and formally requested that she be paid her allowable leave as provided for by federal law.

**28.**

By referring expressly to the FFCRA, which amends the FMLA to provide additional remedies to employees who are denied leave or pay unlawfully, Plaintiff expressed her intention to invoke her rights under the FMLA.

**29.**

By referring expressly to the FFCRA, which amends the FLSA to provide additional remedies to employees who are denied leave unlawfully, Plaintiff expressed her intention to invoke her rights under the FLSA.

**30.**

By referring to the FMLA, Plaintiff expressed her intention to also invoke her rights under the FMLA.

**31.**

Plaintiff was terminated as a result of her protected activity under all the foregoing laws and their implementing regulations.

**32.**

Defendant unlawfully interfered with, restrained, or denied the exercise of (or attempt to exercise) any rights provided by the FMLA, the FLSA, and the

FFCRA, and/or otherwise discharged or discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

### 33.

Defendant violated the foregoing Acts and their implementing regulations which constituted interfering with, restraining, or denying the exercise of rights under the Acts.

### 34.

Defendant "interfered" with Plaintiff by discriminating or retaliating against her for exercising or attempting to exercise her rights under the Acts.

### 35.

Defendant unlawfully retaliated and otherwise discriminated against Plaintiff because of conduct protected by the FMLA, the FLSA and the FFCRA.

### 36.

Defendant's conduct was not in good faith and Defendant did not have reasonable grounds for believing it did not violate the FMLA/FLSA/FFCRA.

### 37.

Defendant's conduct was willful and Defendant intended to deprive Plaintiff of rights under the FMLA/FLSA/FFCRA.

**38.**

Defendant willfully interfered with and punished Plaintiff for exercising her FMLA/FLSA/FFCRA rights.

**39.**

Defendant illegally terminated Plaintiff in violation of the FMLA, the FLSA and the FFCRA.

**40.**

There is a causal link between the adverse actions and the employment actions herein, including the termination of Plaintiff.

**41.**

Plaintiff sustained damages as a result of Defendant's conduct.

**42.**

Defendant is liable for liquidated damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant, as follows:

(a)     That Defendant be ordered to formulate, distribute and implement a written policy which does not discriminate or violate in any manner which is a violation of the Rehabilitation Act of 1973 § 504, FMLA, FLSA, or FFCRA;

(b) That Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits she would have received had it not been for Defendant's illegal actions, including but not limited to insurance benefits, costs, bonuses, raises, training, promotions, and seniority. Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was terminated until the date Defendant tenders substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(c) That Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(d) That Defendant be ordered to pay Plaintiff front pay in an amount to compensate Plaintiff for decreased earnings, if any;

(e) That Defendant be ordered to pay Plaintiff liquidated damages equaling 100% of the back wages due Plaintiff, and prejudgment interest on all amounts owed, as required by the Rehabilitation Act of 1973 § 504, FMLA, FLSA, or FFCRA;

(f) That Plaintiff recover compensatory damages for Defendant's willful violations of the Rehabilitation Act of 1973 § 504, FMLA, FLSA, and/or FFCRA;

(g) That Plaintiff be awarded compensatory damages to compensate for the humiliation, pain, suffering and stigma associated with disability-based discrimination;

(h) That Plaintiff be awarded punitive damages to punish the Defendant for its unlawful actions;

(i) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees;

(j) That Plaintiff recover prejudgment interest;

(k) That this Court issue a declaratory judgment that the practices complained of are unlawful and void; and that Plaintiff be reinstated into her former position with appropriate promotions and raises in pay;

(l) For such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 1st day of August 2022.

                      **PANKEY & HORLOCK, LLC**

                      By:  */s/ Larry A. Pankey*
                            Larry A. Pankey
                            Georgia Bar No. 560725
                            ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:    770-670-6249
LPankey@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Penney Sparks, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 1st day of August 2022.

**PANKEY & HORLOCK, LLC**

By: /s/ Larry A. Pankey
Larry A. Pankey
Georgia Bar No. 560725
***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| PENNEY SPARKS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| v. | : | |
| | : | |
| CATOOSA COUNTY SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing **Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 1st day of August 2022.

                                          PANKEY & HORLOCK, LLC

                               By: /s/ *Larry A. Pankey*
                                        Larry A. Pankey
                                        Georgia Bar No. 560725
                                        ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com